UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STANFORD GARVIN,

                Petitioner,                Case No. 17-10206

v.                HON. AVERN COHN

DUNCAN MACLAREN,

                Respondent.

_____/

**MEMORANDUM AND ORDER
GRANTING RESPONDENT'S MOTION TO DISMISS (Doc. 5)
AND DENYING A CERTIFICATE OF APPEALABILITY**

I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Stanford Garvin (Petitioner) is a state prisoner serving a sentence of 60 to 90 years. The petition challenges Petitioner's 1989 guilty plea convictions of assault with intent to commit murder, M.C.L. § 750.83, unlawful driving away of an automobile, M.C.L. § 750.413, and possession of a firearm during the commission of a felony, M.C.L. § 750.227b. The petition raises two claims: (1) Petitioner's direct appeal should be reinstated where the lack of a direct appeal violated his constitutional rights, and (2) Petitioner should be allowed to withdraw his plea.

Before the Court is Respondent's motion to dismiss on the grounds the petition is untimely. For the reasons that follow, the motion will be granted.

II. Background

Petitioner pled guilty to the above offenses on September 14, 1988. The trial

court sentenced him on February 16, 1989.

According to Petitioner, "on or about 4/25/89, [he] sent a copy of his request for appointment of counsel" to the trial court. See Docs. 1, 7. He says that he "continued to send letters concerning the status of his request for appointment of counsel, right to appeal, but received no response. After years of letters, the Wayne County Clerks Office finally answered Petitioner's letter, dated April 21, 2009." Id. The trial court's docket sheet, however, does not include any entries between the date of sentencing and an order for the production of transcripts dated July 30, 2009. Doc. 5, App'x B.

Eventually, on July 30, 2009, the trial court granted Petitioner's request for appointment of counsel and appointed the State Appellate Defender to represent Petitioner.

For reasons not known, appellate counsel did not file any post-conviction proceeding until years later. In September of 2014, a motion for relief from judgment was filed in the trial court. The trial court denied the motion on January 26, 2015. Doc. 5, App'x B.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals and Michigan Supreme Court denied Petitioner's application for leave in standard orders. People v. Garvin, No. 328480 (Mich. Ct. App. Sept.11, 2015); People v. Garvin, 499 Mich. 967 (June 26, 2016) (table).

Petitioner signed and dated the instant petition on January 13, 2017.

III. Discussion

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (AEDPA). The AEDPA provides a one-year period of limitation for a habeas petition

filed by a state prisoner seeking habeas relief from a state court judgment. 28 U.S.C. § 2244(d)(1). The limitation runs from one of four specified dates, usually either the day when the judgment becomes final by the conclusion of direct review or the day when the time for seeking such review expires. § 2244(d)(1)(A). The limitation period is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." § 2244(d)(2).

Here, Petitioner's conviction and sentence became final in 1990 when the time for him to file a direct appeal of his conviction expired. See Mich. Ct. R. 7.205(F) (1989). This occurred well before AEDPA's effective date of April 24, 1996. A prisoner, such as Petitioner, whose convictions became final before AEDPA's effective date, was given a one-year grace period to file their federal habeas petitions. Jurado v. Burt, 337 F.3d 638, 640 (6th Cir. 2003). Thus, Petitioner was required to file his federal habeas petition on or before April 24, 1997.

The record before the Court indicates that Petitioner did nothing to pursue post-conviction relief until he filed a letter in the trial court in 2009, requesting the appointment of counsel. Petitioner proffers no evidence to support his allegation that he requested the appointment of appellate counsel after sentencing, or that he filed a request with the trial court prior to 2009.

While Petitioner ultimately filed a state post-conviction proceeding in 2015, a state court post-conviction motion does not reset the limitation period. Hargrove v. Brigano, 300 F.3d 717, 718 n.1 (6th Cir. 2002). When Petitioner submitted the instant petition in January of 2016, two decades had passed since the one-year grace period expired. The petition is clearly time-barred.

Although expired, the limitations period is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 649 (2010). A petitioner is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. (internal quotation marks omitted). The party seeking equitable tolling bears the burden of proving that he is entitled to it. Robertson v. Simpson, 624 F.3d 781, 784 (6th Cir. 2010).

Here, Petitioner says that he filed a request for the appointment of appellate counsel immediately after sentencing, but the trial court failed to act on it, and it failed to respond to numerous subsequent requests. Even assuming that the trial court's alleged failure to act on an initial motion to appoint counsel constitutes an "extraordinary circumstance," the Supreme Court in Pace v. DiGuglielmo, 544 U.S. 408, 418-19 (2005), made clear that the availability of equitable tolling is also dependent on the Petitioner acting diligently after the extraordinary circumstance occurs.

Assuming Petitioner sent multiple requests for the appointment of counsel to the trial court between 1989 and 2009, he did not act with diligence during that twenty year period to preserve his claim that the trial court was depriving him of his right to appeal. The Sixth Circuit has stated that "'[w]hile . . . the realities of incarceration may justifiably delay a petitioner's request for a case status update, . . . this Court has never granted equitable tolling to a petitioner who sat on his rights for a year and a half.'" Robinson v. Easterling, 424 F. App'x 439, 443 (6th Cir. 2011).

Here, Petitioner sat on his rights for twenty years in the face of the trial court's alleged failure to act on his requests for the appointment of counsel. His delay far exceeded that which the Sixth Circuit has previously found excessive and inappropriate.

4

See Id. at 440-41; Keeling v. Warden, Lebanon Correctional Inst., 673 F.3d 452, 463-64 (6th Cir. 2012). In short, Petitioner has not shown that he is entitled to equitable tolling.

IV.  Conclusion

For the reasons stated above, the petition is **DISMISSED** as untimely. Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. The Court therefore **DENIES** a certificate of appealability under 28 U.S.C. § 2253(c)(2).[1] See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**SO ORDERED.**

S/Avern Cohn  
AVERN COHN  
Dated: **September 26, 2017**        UNITED STATES DISTRICT JUDGE  
Detroit, Michigan

---

[1] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

5